1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

In re:

NORTH CASCADE TRUSTEE SERVICES,
INC.,

            Debtor.

CASE NO. C21-1362JLR

Bankruptcy No. 18-11375-TWD

ORDER DISMISSING APPEAL
FOR LACK OF JURISDICTION

13

14

15

16

17

JENNIFER LEUNG,

            Appellant,

   v.

NANCY L. JAMES,

            Appellee.

18

## I.    INTRODUCTION

19

20

21

22

Before the court is Trustee / Appellee Nancy L. James's ("the Trustee") motion to dismiss Appellant Jennifer Leung's appeal for lack of jurisdiction.  (Mot. (Dkt. # 9).) The Trustee asserts that the court lacks jurisdiction over this appeal because Ms. Leung failed to timely file a notice of appeal.  (*See id.* at 1.)  After the Trustee filed her motion,

1    Ms. Leung made three filings on the court's docket:  a document titled "Designation of

2    Record & Statement of Issues" (Designation (Dkt. # 11)); a document titled

3    "OBJECTION to Consolidation of Matters" (Cons. Obj. (Dkt. # 12); and a set of

4    documents that address various federal and Ninth Circuit rules of appellate procedure

5    (Appeal Obj. (Dkt. # 13)).  The court liberally construes these three documents together

6    as constituting Ms. Leung's response to the Trustee's motion.  The court has considered

7    the motion, the parties' submissions in support of and in opposition to the motion, the

8    relevant portions of the record in this court and in the bankruptcy court, and the

9    applicable law.  Being fully advised, the court GRANTS the Trustee's motion to dismiss.

10                              **II.    BACKGROUND**

11          On April 2, 2018, Debtor North Cascade Trustee Services ("Debtor") filed a

12   voluntary petition for relief under chapter 7 of the Bankruptcy Code.  (Pet. (Bankr. Dkt.[1]

13   # 1).)  On August 14, 2018, Ms. Leung filed Claim No. 4 in that bankruptcy case,

14   asserting a secured claim against the Debtor in the sum of $1,620,975.26 based on a

15   variety of theories.  (*See* Obj. to Claim 4 (Bankr. Dkt. # 157) at 3.)  On June 23, 2021, the

16   Trustee filed an objection to Ms. Leung's claim.  (*See id.*)  On July 23, 2021, after the

17   Trustee and Ms. Leung briefed the Trustee's objection, the bankruptcy court heard oral

18   argument.  (*See* Order Sustaining Objection (Bankr. Dkt. # 175).)  The bankruptcy court

19   sustained the Trustee's objection and disallowed Ms. Leung's claim.  (*See id.*)

20

21          [1] The court uses the shorthand "Bankr. Dkt" to refer to entries on the docket of the
     underlying bankruptcy case, *In re Northwest Cascade Trustee Services, Inc.*, No. 18-11375-
22   TWD (Bankr. W.D. Wash.).

1      On August 3, 2021, Ms. Leung filed a motion for "Reconsideration of the

2   Erroneous Presumptive Ruling by an [sic] Legislative Non-judicial Empowered Judicial

3   Official." (Mot. to Reconsider (Bankr. Dkt. # 176).)  The bankruptcy court construed

4   Ms. Leung's filing as a motion for reconsideration of the order sustaining the trustee's

5   objection to her claim and, on August 12, 2021, issued an order denying the motion.

6   (Reconsideration Order (Bankr. Dkt. # 177).)

7      On August 30, 2021, Ms. Leung filed a document in the bankruptcy court titled

8   "Notice of Formal Appeal in the form of a Petition for Redress" ("Formal Appeal").  (1st

9   Not. (Bankr. Dkt. # 180).)  Ms. Leung's "Formal Appeal" filing, however, did not use the

10   bankruptcy court's official notice of appeal form; state whether Ms. Leung elected to

11   appeal to the bankruptcy appellate panel or to district court; or identify or attach the

12   orders that she sought to appeal.  (*See generally id.*)  On October 5, 2021, Ms. Leung

13   filed a notice of appeal and statement of election to have her appeal heard in district court

14   using the bankruptcy court's Form 417A.  (Not. of Appeal (Bankr. Dkt. # 181).)  In that

15   notice, she states that she "waited over a month [after filing her "Formal Appeal"] to find

16   out that [she] needed to file with Form 417A to be heard." (*Id.* at 1.)  Ms. Leung's appeal

17   was then transmitted to this court.  (*See* Transmittal (Dkt. # 1).)

18                                      **III.   ANALYSIS**

19      The Trustee moves to dismiss Ms. Leung's appeal for lack of jurisdiction because

20   she did not file it before the deadline set forth in the Federal Rules of Bankruptcy

21   Procedure.  (*See generally* Mot.)  Ms. Leung does not directly address the Trustee's

22   arguments regarding the timeliness of her appeal in any of the documents she filed after

1    the Trustee filed her motion.  (*See* Designation; Cons. Obj.; Appeal Obj.)  Ms. Leung

2    does, however, appear to request that the court liberally construe her "Formal Appeal"

3    filing as a proper notice of appeal and forgive her initial failure to use Form 417A in light

4    of her *pro se* status.  (*See, e.g.*, Appeal Obj. at 30-31 (quoting Fed. R. App. P. 3(c)(4)

5    ("An appeal must not be dismissed for informality of form or title of the notice of

6    appeal . . . .")).)

7            "The district courts of the United States shall have jurisdiction to hear appeals

8    from final orders, judgments, and decrees" of the bankruptcy courts.  28 U.S.C.

9    § 158(a)(1).  These appeals must be taken within the time provided by Federal Rule of

10   Bankruptcy Procedure 8002.  28 U.S.C. § 158(c)(2).  "[A] notice of appeal must be filed

11   with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree

12   being appealed."  Fed. R. Bankr. P. 8002(a)(1).  "The notice of appeal must:  (A)

13   conform substantially to the appropriate Official Form; (B) be accompanied by the

14   judgment, order, or decree, or the part of it, being appealed; and (C) be accompanied by

15   the prescribed fee."  Fed. R. Bankr. P. 8003(a)(3).  The applicable official form is Form

16   Number B 417A.  *See* United States Courts, Services and Forms,

17   http://www.uscourts.gov/forms/appellate-forms/notice-appeal-and-statement-election

18   (last visited November 17, 2021).  The bankruptcy court may extend the time to file a

19   notice of appeal if a party files a motion to extend within 21 days after the expiration of

20   the initial 14-day period and shows excusable neglect.  Fed. R. Bankr. P. 8002(d)(1)(B).

21   However, "the failure to file a timely notice of appeal is a jurisdictional defect barring

22   appellate review."  *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (citation and

quotation marks omitted).  Thus, if a party seeking to appeal a bankruptcy court order to a district court fails to file a notice of appeal within the time prescribed by the Federal Rules of Bankruptcy Procedure, the district court does not have jurisdiction over the appeal and must dismiss it.

Ms. Leung seeks to appeal the bankruptcy court's August 12, 2021 order denying her motion for reconsideration.  (*See* Not. of Appeal; Reconsideration Order.)  To perfect her appeal, Ms. Leung was required to file a notice of appeal that conforms to the requirements of Federal Rule of Bankruptcy Procedure 8002(a)(3) within 14 days of the entry of that order, or by August 26, 2021.  *See* Fed. R. Bankr. P. 8002(a)(3).  Ms. Leung, however, did not file a conforming notice of appeal until October 5, 2021—54 days after the bankruptcy court issued its order, and 40 days after the time to appeal expired.  (*See* Not. of Appeal.)  Even if the court were to liberally construe Ms. Leung's "Formal Appeal" filing as a notice of appeal,[2] Ms. Leung did not file that notice until August 30, 2021, four days after the time to appeal expired.  (*See* 1st Not.)  Thus, it, too, was untimely.  Finally, there is no evidence in the record that Ms. Leung filed a motion for an extension of time to appeal or any other motion that would extend the deadline for filing a notice of appeal.  *See* Fed. R. Bankr. P. 8002(d); (*see generally* Bankr. Dkt.).  The court concludes that it lacks jurisdiction to hear this matter because Ms. Leung did not file a timely notice of appeal.  Therefore, the court GRANTS the Trustee's motion to dismiss.

---

[2] The court declines to do so because the "Formal Appeal" filing does not conform substantially to Form 417A, does not attach the orders to be appealed, and did not include a filing fee or motion to proceed in forma pauperis.  *See* Fed. R. Bankr. P. 8003(a)(3); (*see* 1st Not.).

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS the Trustee's motion to dismiss Ms. Leung's appeal (Dkt. # 9).  Ms. Leung's appeal is DISMISSED with prejudice.

Dated this 22nd day of November, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 6